

**3965 Bethel Road SE**
**PMB #1-244**
**Port Orchard, Washington**
**Postal Code 98366**

**psn@prairiestar.net**

**LAWFUL ADVOCATE**
**ARBITRATION**

February 9, 2022



FILED
LODGED
RECEIVED

FEB 11 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

RAVI SUBRAMANIAN
CLERK OF COURT
SEATTLE, WA 98101

Re: Sterling Jay Shaw      Case no: 2:21-cv-01626-JCC

To whom it may concern:

This letter will acknowledge and establish that Prairie Star National Trust has been retained by Sterling Jay Shaw to act as his lawful arbitrator in this case.

Respectfully

**Prairie Star National ©**

By: ___s/ Keith A. Goulet — Agent___

Without Prejudice – All Right Reserved

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK**

RAVI SUBRAMANIAN
CLERK OF COURT
700 STEWART ST
SEATTLE, WA 98101

December 7, 2021

Sterling Jay Shaw
PO BOX 213
WOODINVILLE, WA 98072

Your civil action *Shaw v. Inslee et al* was filed in the U.S. District Clerk's office at on December 3, 2021.

Your case has been assigned Case Number **2:21−cv−01626−JCC,** and has been assigned to Judge John C. Coughenour, Presiding Judge.

***All future correspondence with the Court must contain the entire case number as indicated above.***

Thank you,

RAVI SUBRAMANIAN, *Clerk*

s/*Deputy Clerk*

cc: file

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STERLING JAY SHAW,

    Plaintiff(s),

v.

JAY INSLEE et al.,

    Defendant(s).

CASE NO. 2:21-cv-01626-JCC

ORDER REGARDING DISCOVERY AND DEPOSITIONS

IT IS ORDERED that:

(1) **DISCOVERY**. All discovery matters are to be resolved by agreement if possible. If a ruling is needed as to any discovery questions, and counsel wish to avoid the time and expenses of a written motion, they may obtain an expedited ruling through a telephone conference call to the court at (206) 370–8800. The parties are notified that, per Chambers practice, a law clerk will typically field the call and relate the issues to Judge Coughenour for his consideration.

(2) **DEPOSITIONS**. Depositions will be conducted in compliance with the following rules:

    (a) **Examination**. If there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent, and any questioning by other counsel on that side should be limited to matters not previously covered.

    (b) **Objections**. The only objections that should be raised at the deposition

ORDER REGARDING DISCOVERY AND DEPOSITIONS – Page 1

are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should generally be avoided. All objections should be concise and must not suggest answers to, or otherwise coach, the deponent. Argumentative interruptions will not be permitted.

(c) **Directions Not to Answer.** Directions to the deponent not to answer are improper, except on the ground of privilege or to enable a party or deponent to present a motion to the court or special master for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the party or the deponent, or for appropriate limitations upon the scope of the depositions (e.g., on the ground that the line of inquiry is not relevant nor reasonably calculated to lead to the discovery of admissible evidence). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of the communication, who made the statement in question, to whom and in whose presence the statement was made, other persons to whom the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

(d) **Responsiveness.** Witnesses will be expected to answer all questions directly and without evasion, to the extent of their testimonial knowledge, unless directed by counsel not to answer.

(e) **Private Consultation.** Private conferences between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless

ORDER REGARDING DISCOVERY AND DEPOSITIONS – Page 2

prohibited by the court for good cause shown, such conferences may, however, be held during normal recesses and adjournments.

(f) **Conduct of Examining Counsel.** Examining counsel will refrain from asking questions he or she knows to be beyond the legitimate scope of discovery, and from undue repetition.

(g) **Courtroom Standard.** All counsel and parties should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial.

(3) **RESPONSIBILITY OF PLAINTIFF'S COUNSEL.** This order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff. <u>Plaintiff's counsel (or plaintiff, if pro se) is directed to deliver a copy of this order to each other party within ten (10) days after receiving notice of that party's appearance</u>.

DATED: December 28, 2021

/s/ John C. Coughenour
John C. Coughenour
United States District Judge

ORDER REGARDING DISCOVERY AND DEPOSITIONS – Page 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STERLING JAY SHAW, | ) | |
| Plaintiff, | ) | Case No. 21-cv-01626-JCC |
| | ) | |
| v. | ) | NOTICE OF APPEARANCE OF SOUND TRANSIT |
| JAY INSLEE, et al, | ) | |
| Defendants. | ) | [CLERK'S ACTION REQUIRED] |

TO: The Clerk of Court; and

TO: STERLING JAY SHAW, Plaintiff

PLEASE TAKE NOTICE that Defendant CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY (dba SOUND TRANSIT) hereby appears, without waiving any of its affirmative defenses as to sufficiency of process, sufficiency of service of process, jurisdiction, venue, right to arbitration, failure to state a claim, failure to join a party, or any other affirmative defense in this matter, and hereby request that service of all papers and pleadings herein, except writs of original process, be made upon the undersigned attorneys for said defendant at the offices below.

Dated this 19th day January 2022 in Seattle, WA.

CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY

By: *s/James E. Niemer*
James E. Niemer, WSBA No. 14477
Senior Legal Counsel
Central Puget Sound Regional
Transit Authority
401 S Jackson Street
Seattle, WA 98104-2826
Telephone: (206) 398-5000
Email: james.niemer@soundtransit.org

NOTICE OF APPEARANCE - 1

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and United States, that on the 19th day of January 2022, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Plaintiff, Sterling Jay Shaw

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Sterling Jay Shaw
P.O. Box 213
Woodinville, WA 98072

Executed on the 19th day of January 2022, at Seattle, Washington.

*s/Ernestine L. Jobity*
Ernestine L. Jobity

NOTICE OF APPEARANCE - 2



**Bob Ferguson**
**ATTORNEY GENERAL OF WASHINGTON**
Torts Division
PO Box 40126 • Olympia, WA 98504-0126 • (360) 586-6300

January 11, 2022

Sterling Shaw
PO Box 213
Woodinville, WA 98072

RE: **Claim of *Sterling Shaw***
**ORM No. 751006704**

Greetings:

We are in receipt of a copy of your claim against the State of Washington filed with the Department of Enterprise Services' Office of Risk Management. This acknowledgement does not indicate the State's agreement that this claim should be allowed or is legally sufficient. Any further action to pursue this claim will be your responsibility. RCW 4.92.100 (below) outlines the requirements for required information when submitting claims against the State of Washington. Please review the requirements, and if you have not already provided said information, please do so. Should you not supply additional required information and litigation commences, we will allege the affirmative defense of a defective tort claim.

RCW 4.92.100 states:

> (a) The standard tort claim form must, at a minimum, require the following information:
> (i) The claimant's name, date of birth, and contact information;
> *(ii) A description of the conduct and the circumstances that brought about the injury or damage;*
> *(iii) A description of the injury or damage;*
> *(iv) A statement of the time and place that the injury or damage occurred;*
> *(v) A listing of the names of all persons involved and contact information, if known*;
> (vi) A statement of the amount of damages claimed; and
> (vii) A statement of the actual residence of the claimant at the time of presenting the claim and at the time the claim arose.

If you have any additional supporting information for us to consider, please forward to the undersigned at the address above.

Very truly yours,

*Lisa Erwin*

ELIZABETH J. ERWIN
SENIOR COUNSEL
Section Chief, Investigations

FROM: Prairie Star National Trust
3965 Bethel Road SE
PMB #244
Port Orchard, WA 98366

TO: Ra~~tes~~ <!-- illegible -->
Clerk of Court RECEIVED FEB 11 2022
700 Stewart St
Seattle, WA CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
Case # 2:21-cv-01626-JCC